The Honorable Scott Sullivan State Representative 1833 North 9th Street De Queen, Arkansas 71832-3507
Dear Representative Sullivan:
I am writing in response to your request for an opinion concerning certain "Production Grower Contracts" between farmers who serve as "independent growers" and various poultry processors. You have provided a copy of an opinion issued by the Oklahoma Attorney General that addresses similar contract growing arrangements of this nature, and against this backdrop you have asked:
 My request for you is whether you believe, as expressed by the Oklahoma Attorney General, that these contracts constitute adhesion contracts under Arkansas law and, accordingly, whether you are in full agreement with the position taken by the Oklahoma Attorney General as applied to Arkansas law[?]
RESPONSE
As the Oklahoma Attorney General notes in his opinion: "Whether any particular contract between a grower and an integrator is a contract of adhesion is a question of fact which cannot be answered in an Attorney General's opinion." Okla. Op. Att'y Gen. No. 01-17 at 2 (April 11, 2001). I am consequently unable to answer your first question. It is beyond the scope of my statutory authority to engage in the necessary determination of facts that would be relevant to this question. See alsogenerally Nelms v. Morgan Portable Bldg. Corp., 305 Ark. 284, 289,808 S.W.2d 314 (1991) (requiring factual support for the allegation that a particular employment contract was "an unfair adhesion contract.") I am also specifically prohibited by law from engaging in the private practice of law. A.C.A. § 25-16-701 *Page 2 
(Supp. 2002). It would constitute a violation of this statutory prohibition if I rendered an interpretation of the provisions and effect of a contract between private parties.
With regard to your second question, which I interpret as inquiring generally as to Arkansas law concerning so-called "contracts of adhesion," my research has disclosed only one case in which the Arkansas Supreme Court, by referring to another state's law, appears to have adopted a definition of an "adhesion contract." In Plant v. Wilbur,345 Ark. 487, 47 S.W.3d 889 (2001), the court referred to an Eighth Circuit case which noted the following definition of a "contract of adhesion" under Missouri law:
 A contract of adhesion is a form contract submitted by one party and accepted by the other on the basis of this or nothing. It is an instrument devised by skilled legal talent for mass and standard-industrywide use which does not allow for idiosyncrasy. It is a transaction not negotiated but one which literally adheres for want of choice.
Haines v. St. Charles Speedway, Inc., 874 F.2d 572, 574-75 (8th Cir. 1989) (quoting Estrin Constr. Co. v. Aetna Casualty and Sur. Co.,612 S.W.2d 413, 418 n. 3 (Mo.App. 1981) (emphasis original) andSpychalski v. MFA Life Ins. Co., 620 S.W.2d 388 (Mo.App. 1981).
Plant v. Wilbur involved an "exculpatory agreement," which exempts a party from liability. 345 Ark. at 493. In deciding whether the particular agreement was enforceable, the Arkansas Supreme Court inPlant adopted Missouri law on adhesion contracts, which applies a "total transaction" analysis in determining the intent of the parties.Haines, supra, 874 F.2d at 575. See also Midwest v. Medical,241 S.W.3d 371 (Mo.App.W.D. 2007). Missouri's approach is reflected in the following passage from Midwest, supra:
 "Adhesion contracts usually involve the unequal bargaining power of a large corporation versus an individual and are often presented in pre-printed form contracts." [Whitney v. Alltel Comm'ns, Inc., 173 S.W.3d 300, 310 (Mo.App.W.D. 2005)] (quoting Swain v. Auto Servs., Inc., 128 S.W.3d 103, 107 (Mo.App.E.D. 2003)). Missouri courts do not "view adhesion contracts as inherently sinister and automatically unenforceable." [Hartland Computer Leasing Corp., *Page 3 770 S.W.2d 525, 527 Mo.App.E.D.1989).] "Rather, as with all contracts, the courts seek to enforce the reasonable expectations of the parties garnered not only from the words of a standardized form imposed by its proponent, but from the totality of the circumstances surrounding the transaction." Id.
241 S.W.3d at 379.
This "total transaction" approach seems to be reflected in several other Arkansas cases involving the allegation that a contract was one of adhesion and unenforceable. See Jordan v. Diamond Equipment Supply, 362 Ark. 142, 207 S.W.3d 525 (2005); McLarty Leasing System,Inc. v. Blackshear, 11 Ark. App. 178, 668 S.W.2d 53 (1984).
While I am unable for the reasons stated above to answer your specific question concerning particular contracts, the foregoing will hopefully be of assistance regarding Arkansas case law in this area of the law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
DM:EAW/cyh
 *Page 1